## Fox *v.* State.

### Opinion delivered February 19, 1912.

1. ROBBERY—INDICTMENT OF ACCESSORY—VENUE.—An indictment of one for being accessory before the fact to a robbery which aptly alleges that the principal committed the robbery in Washington County in the State on the 26th of August, 1909, and that defendant, not being present aiding, abetting and assisting, in said county and State, on said date, and before said crime of robbery was committed by said principal, unlawfully and feloniously did advise and encourage said principal to commit said crime of robbery, etc., sufficiently alleges that defendant was in the county and State when he aided and encouraged the commission of the crime. (Page 396.)

2. CRIMINAL LAW—RIGHT TO SPEEDY TRIAL.—One accused of crime can not claim the right to a discharge because he was not brought to trial before the end of the second term of the court having jurisdiction of the offense which was held after the finding of the indictment where he was admitted to bail and did not either demand a trial or resist an order for a continuance. (Page 397.)

3. EVIDENCE—TESTIMONY OF DECEASED WITNESS AT FORMER TRIAL.— Where a murder and robbery are alleged to have been committed at the same time and as part of the same transaction, the testimony of a witness since deceased, taken on a former trial of defendant upon the murder charge, is admissible against defendant on a trial upon the robbery charge. (Page 397.)

4. EVIDENCE—COMPETENCY.—In a prosecution of one for being accessory to the crime of robbery, testimony that defendant, indicted as accessory, in another State advised and encouraged the principal to commit the crime was competent where defendant came to the county of the venue with such principal a few days before the commission of the crime. (Page 399.)

5. TRIAL—IMPROPER QUESTION BY ATTORNEY—WHEN HARMLESS.—Where the prosecuting attorney improperly asked a witness whether he knew that defendant was in the penitentiary in Texas, the prejudice was removed where the court refused to permit the question to be asked, and directed the jury not to consider the same. (Page 399.)

6. ROBBERY—INSTRUCTION.—Where the evidence established that a murder and a robbery were a part of the same transaction, and that the robbery was the purpose for which the murder was committed, it was

not error to refuse to instruct the jury to acquit the defendant if the person robbed died before the money was taken from her person. (Page 399.)

7. CRIMINAL LAW—PERMITTING PRIVATE COUNSEL TO ASSIST PROSECUTION.—Where the prosecution of a felony case was in charge of the prosecuting attorney, it was not error to permit a private counsel to assist the prosecution in trying the case. (Page 400.)

8. TRIAL—REFUSAL TO ALLOW TIME TO ARGUE MOTION FOR NEW TRIAL.—Where, in a prosecution of one for being accessory to robbery, the evidence was the same as was given on trial of defendant as accessory to murder, it was not an abuse of discretion for the court to refuse to allow counsel to argue a motion for new trial in the robbery case if the same questions had previously been considered in the murder case. (Page 401.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*E. G. McAdams,* for appellant.

1. Appellant not having been brought to trial before the end of the second term of the circuit court having jurisdiction of the offense, the cause having been continued without his consent and after he had announced ready for trial, the court should have discharged him upon his motion. The statute is in keeping with the constitutional provision that one accused of crime shall have a speedy, fair and impartial trial, and is mandatory. Kirby's Digest, § 2313; 23 Ark. 270; 65 Ark. 406.

2. The court erred in overruling the demurrer to the indictment. The most that the indictment charges is that at some time, somewhere not in Washington County, appellant advised and encouraged Gus Sartin to commit the crime. Kirby's Digest, § 2227; *Id.* § 2228, second div. Penal statutes must be strictly construed as against the defendant, and liberally in his favor. 38 Ark. 519; 59 Ark. 314; 53 Ark. 344; 40 Ark. 97-9. See also 1 Bishop, Crim. Proc. §§ 79, 81 and authorities cited in note 1, 89, 92, 93.

3. The deposition of a deceased witness, taken in a different case and upon a different issue from the one on trial in which such deposition is offered, is not admissible. 13 Ark. 676; 80 Miss. 351, 31 So. 744; 54 Tex. Crim. Rep. 475; 130 Am. St. Rep. 901; 113 S. W. 533; 121 Cal. 495; 53 Pac. 1098; 25 L. R. A. (N. S.) 868. Izgregg's deposition was further incompetent because the acts testified to by him occurred in another State. 17 Ark. 561.

4. The misconduct of counsel for the State, in stating in the hearing of the jury that appellant had served a term in the penitentiary in Texas, and insisting on proving that fact, when appellant's character had not been put in issue, was reversible error, notwithstanding the trial court's attempt to withdraw the same from the jury's consideration. The prejudicial effect was such that it could not have been removed, even by a scathing rebuke from the court. 77 Ark. 214; *Id.* 19; 71 Ark. 415; 74 Ark. 489; *Id.* 210; 72 Ark. 461; *Id.* 139; 58 Ark. 473.

5. It was error to permit private counsel, not a deputy prosecuting attorney, to conduct the trial of the case on the part of the State, instead of the prosecuting attorney elected for the district.

6. The court should have granted appellant's motion for a peremptory instruction to acquit for want of proof.

The court also erred in refusing to instruct the jury to acquit if they found from the evidence that Carrie Winkleman was dead at the time the money was taken. The burden was on the State to prove beyond a reasonable doubt that Carrie Winkleman was a "person" at the time the money was taken. 6 Words & Phrases, 5322; 25 Fed. Cas. 695-697; 41 S. E. 484-485; 130 N. C. 299; 73 S. E. 250, 251; 87 Ga. 79; 49 Kan. 1; 30 Pac. 108.

7. The court committed reversible error in refusing appellant's request for leave to present his motion for a new trial and to present authorities in support of same, and in overruling said motion *pro forma.* 13 Kan. 211, 212; 15 Kan. 563; 17 Kan. 145; 32 Kan. 163, 4 Pac. 143; 44 Kan. 394, 24 Pac. 500.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee; *J. Wythe Walker,* of counsel.

1. There was no error in refusing appellant's motion to be discharged. 13 Ark. 720; 65 Ark. 406.

2. The indictment was sufficient.

3. The testimony of the witness Izgregg, given at a former trial, he having died since giving the testimony, was properly admitted. 1 Enc. of Ev. 904, 910, 914, 915, 916, 918, 919; 3 Dana (Ky.) 36; 28 Tex App. 92, 12 S. W. 493; 1 Greenleaf, Ev., (16 ed.), § § 163, 164; 16 Cyc. 109; 36 N. H. 575.

4. Any prejudice that might have resulted from the al-

leged misconduct of counsel in referring to appellant's having served a term in the Texas penitentiary was entirely removed by the court's admonition.    95 Ark. 321; 84 Ark. 131; 71 Ark. 62; *Id.* 403; 88 Ark. 62; 72 Ark. 461.

HART, J.    On the 26th day of August, 1909, Mrs. Carrie Winkleman was killed and robbed in the city of Fayetteville, Washington County, Arkansas.    She was accustomed to carry $8,000 or $10,000 in a bustle on her person, and was robbed and killed to secure her money.    The evidence tended to show that the crime was committed by Gus Sartin.    The defendant was indicted for the crime of accessory before the fact to robbery. He was tried before a jury, found guilty, and his punishment assessed at three years in the State penitentiary.

The indictment (formal parts omitted) is as follows:

"The grand jury of Washington County, in the name and by the authority of the State of Arkansas, accuse N. H., *alias* 'Red,' Fox, of the crime of accessory before the fact to the crime of robbery committed as follows, towit:    that one Gus Sartin in the said county of Washington, in the State of Arkansas, on the 26th day of August, 1909, unlawfully, feloniously, and violently did by force and intimidation take from the person of Carrie Winkleman the sum of ten thousand dollars in money, gold, silver and paper money, current money, in the State of Arkansas, of the value of ten thousand dollars, the personal property of the said Carrie Winkleman.    And the said N. H., *alias* 'Red,' Fox, not being present aiding, abetting and assisting, in said county of Washington in the State of Arkansas, on said 26th day of August, 1909, and before said crime of robbery was committed by said Gus Sartin, as aforesaid, unlawfully and feloniously did advise, and encourage the said Gus Martin to commit said crime of robbery, as aforesaid, against the peace and dignity of the State of Arkansas."

1.    It is insisted by counsel for appellant that the court erred in not sustaining their demurrer to the indictment.    They insist that the indictment only alleges that at some time and place not in Washington County, Arkansas, the defendant advised and encouraged Gus Sartin to commit the crime. While the indictment is susceptible of this meaning, it would be a strained construction to place upon it.    We think that the indictment in plain terms alleges that the defendant, not being

present aiding, abetting, and assisting, did, in the county of Washington in the State of Arkansas, unlawfully and feloniously advise and encourage the said Gus Sartin, etc. Therefore, the indictment alleges that he was in said county and State, and aided and encouraged the commission of the crime before it was committed.

2. It is urged by counsel for appellant that the court erred in refusing to discharge him upon his motion for the reason that he was not brought to trial before the end of the second term of the court having jurisdiction of the offense, which was held after the finding of the indictment. He bases his contention on section 2313 of Kirby's Digest. If it be conceded that the statute is mandatory, before a defendant would be entitled to his discharge for want of prosecution, he must have placed himself on record in the attitude of demanding a trial, or at least resisting a postponement. *Dillard* v. *State*, 65 Ark. 404; *Stewart* v. *State*, 13 Ark. 720. Here the defendant was admitted to bail, and did not either demand a trial or resist the order for a continuance. The court was correct in refusing to dismiss his case for want of prosecution.

3. The third assignment of error in defendant's motion for a new trial is that the court erred in admitting certain testimony which was alleged to be prejudicial to the rights of the defendant. Under this assignment the defendant complains of the introduction of the testimony of James Izgregg, a witness, who testified at the trial of this defendant in the Washington Circuit Court on the charge of accessory before the fact to the murder of Carrie Winkleman. It was proved at the trial that the witness had since died. The defendant agreed that, in the event the court should hold that the testimony was competent, the testimony taken by the stenographer at the previous trial should be read as his evidence, and agreed that the testimony as transcribed by the stenographer from her shorthand notes was a true and correct statement of his evidence taken upon the former trial.

It is contended by counsel for defendant that the testimony is not competent because it was taken under a different indictment and in a different case. We do not think that the objection is well taken. The record shows that the testimony was taken under an indictment charging the defendant with the

offense of being accessory to the murder of Mrs. Carrie Winkle-man, and the present indictment charges him with being ac-cessory to the crime of robbery of Carrie Winkleman. The robbery and the murder were all parts of the same transaction, and were committed by the same persons at the same time for the same purposes. The identity of the issues was complete, and there can be no well founded reason why the testimony taken on the first trial should not be read as evidence on the second trial where it appears that the witness is dead. This precise question has not been passed on by the court, but in the case of *Poe* v. *State*, 95 Ark. 172, where all our earlier cases bearing on this question are cited, the court held: "Where an absent witness in a felony case is dead, beyond the jurisdic-tion of the court, or upon diligent inquiry can not be found, what such witness had previously testified upon the examining trial of the defendant may be proved at the trial of the case, provided the defendant was present at the examining trial, and had the opportunity of cross examination."

The reason given by the court in so holding was that the defendant was present and had a right and the opportunity to cross examine the witness. The general rule in such cases is that it is not necessary, in order to admit the testimony, that it should have been given on the trial of a case in the exact tech-nical shape for the second action, or that the parties should be identically and nominally the same with those on trial of the first action. The true test in regard to the admissibility of such evidence where the issues are substantially the same is, did the party who is to be affected by it have the power to cross examine the witness and the opportunity to do so? The issues in the two cases were substantially the same, and the parties were the same. As far as the testimony given by Iz-gregg is concerned, it may be said that it related to the same issue in both cases, and was competent for the same purpose in both cases. The parties in both cases were the same, and the testimony was admitted for the same purpose, and to es-tablish the same issue in both cases. Both indictments arose from the same facts, and the defendant, as we have seen, had the opportunity to cross examine the witness on the first trial. The witness having died since the first trial, we hold that his testimony, taken on the first trial, is competent. *Cox* v. *State*,

28 Tex. App. 92; 1 Greenlead, Ev. (16 ed.) § § 163-4; 16 Cyc. 1095; Ency. of Ev. vol 1, p. 915-18; *Charlesworth* v. *Tinker,* 18 Wis. 663. The testimony tended to show that Gus Sartin committed the murder and robbery. Izgregg testified: "I live in Sulphur, Oklahoma. Before the murder and robbery of Mrs. Carrie Winkleman, I heard Fox and Sartin in conversation. I heard Fox say: 'I know the money is there.' And again: 'I roomed at that place two or three years ago.' I also heard Fox say: 'If you go there, you want to get a room in the small house out from the big one, where you will have a better chance to get the money.' Sartin replied: 'If I go after it, I will be damned sure to get it.' Fox left early in August saying he was going to visit his mother near Van Buren, Arkansas. After his return home, he read carefully all of the papers and was in possession of a considerable sum of money. It was some time in October I heard of Mrs. Winkleman's death."

Other testimony was adduced tending to show that the defendant was in the restaurant where Mrs. Winkleman worked, and came there with Gus Sartin on Thursday before she was killed on Saturday in the month of August following the conversations testified to by Izgregg, and that they knew that she carried a large sum of money in her bustle. Other testimony showed that Mrs. Winkleman had two rooming houses, and that Sartin rented a room in the smaller one, and was rooming there at the time Mrs. Winkleman was murdered and robbed. Mrs. Winkleman carried a large sum on her person in a bustle. When she was found, her bustle and the money contained in it had been taken from her person.

It is also insisted that the testimony of Izgregg which was read in the case was incompetent for the reason that the advice and encouragement given by Fox to Sartin occurred at Sulphur, Oklahoma, and beyond the jurisdiction of the courts of this State. Counsel rely upon the case of the *State* v. *Chapin,* 17 Ark. 561, to sustain their contention. In the Chapin case, the defendant was never in the State of Arkansas at any time prior to the burning of the boat. The facts in this case are distinguishable from those in the Chapin case, The testimony here shows that Fox came to Washington County, Arkansas, in company with Sartin a few days before the commission of

the crime. He was present with him in the restaurant where the murdered and robbed woman worked, and the acts and declarations of Fox and Sartin in Oklahoma are competent as circumstances tending to show for what purpose they were in Washington County, Arkansas.

4. The next assignment of error is in regard to the misconduct of Wythe Walker who assisted the prosecuting attorney in the case. He was examining a witness in regard to the past life and conduct of the defendant and asked the witness to tell what place in Texas the defendant had been in before he came to reside in Sulphur, Oklahoma. Upon objection being made to the question, Mr. Walker said: "If your Honor please, I think it is proper to show whether he knows he had been in Texas; whether he knows he was in the penitentiary." The court said: "It is entirely improper at this time. Everything that relates as to whether the defendant had been in the penitentiary is cut out and withdrawn from the jury and not to be considered in any way." Whatever of prejudice might have been created against the defendant by the remarks of Mr. Walker, we think, was eliminated by what the court said at the time. The court told the jury that the testimony was not competent and directed it not to consider the same. This appears to have been done promptly and with sufficient impressiveness under the circumstances. Therefore we do not think that the judgment should be reversed on that account. *Walker* v. *Fayetteville*, 93 Ark. 443; *Blackshear* v. *State*, 94 Ark. 548; *Kansas City So. Ry.* v. *Murphy*, 74 Ark. 256.

5. It is next urged that the court erred in refusing to instruct the jury to acquit the defendant if it found that Mrs. Winkleman died from the effects of the assault made on her before the money was taken from her person. The court by proper instruction had told the jury what robbery was under our statutes, and in plain and unambiguous language had covered every phase of the question. All the evidence in the case tended to show that the murder and robbery were a part of the same transaction, and that the robbery was the purpose for which the murder was committed. Therefore, we do not think that the court erred in refusing to give the instruction.

6. It is next urged that the court erred in permitting Mr. Walker to assist in the prosecution of the case. The case was in

direct charge of the prosecuting attorney, and there was no error in permitting Mr. Walker to assist him in trying the case.

7.    Finally, it is contended by counsel for the defendant that the court erred in not permitting them to argue their motion for a new trial.    It will be noted that precisely the same evidence was given in this case as was given on the trial of the defendant as accessory for the murder of Mrs. Winkleman, and it can not be doubted that the court was perfectly familiar with all the testimony and with all the assignments of error which the defendant had made during the progress of the trial. Therefore, it was in the discretion of the court whether or not time should be given for the argument of the motion for a new trial, and we hold that the court did not abuse its discretion in refusing to allow counsel for defendant to argue it before him.

The judgment will be affirmed.