## PINKERTON *v.* STATE.

### Opinion delivered December 4, 1916.

1. EVIDENCE—DEFENDANT AS WITNESS—IMPEACHMENT—CRIMINAL CASE.—When an accused person undertakes to testify in his own behalf, he goes upon the witness stand subject to the same rules of evidence as any other witness, and may be impeached in the same way that any other witness may be impeached. He may be impeached by contradictory statements wherever made, and there is no exception concerning a statement made before the grand jury, when he has testified there as a witness.

2. EVIDENCE—DEFENDANT AS WITNESS—IMPEACHMENT—CRIMINAL CASE.—Where the accused has taken the stand as a witness, and his testimony has been impeached by evidence of contradictory statements, it is the duty of the trial court to admonish the jury that the alleged conflicting statements are not to be considered as substantive proof of the accused's guilt.

Appeal from Howard Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*W. P. Feazel*, for appellant.

1. The defendant was forced to give testimony against himself. His testimony before the grand jury could not be used against him. Const., Art. 2, § 8; 115 Ark. 391; Kirby's Digest, § 3087; 84 *Id.* 88; 66 *Id.* 33, 53.

2. The fourth instruction was improperly refused. It is the law.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee; *Abe Collins*, Prosecuting Attorney, of counsel.

1. The testimony of the foreman of the grand jury was admissible by way of impeachment and as affecting the credibility of the witness. When a defendant takes the stand, he is subject to the same liabilities on cross-examination as other witnesses. 46 Ark. 141,151; 60 *Id.* 450; 75 *Id.* 574; 100 *Id.* 321; 104 *Id.* 162; 56 *Id.* 4; 58 *Id.* 473. The court specifically instructed the jury that his evidence could not be considered as evidence of his guilt, but only as affecting his credibility as a witness. See 13 Ark. 307.

2. Appellant's fourth instruction was a comment upon the weight to be given certain testimony and properly refused. There is no error.

McCULLOCH, C. J. Appellant was indicted by the grand jury of Howard county on the charge of being engaged in manufacturing whiskey in that county, and on the trial before a jury he was convicted and sentenced to the State penitentiary. It is undisputed that whiskey was being manufactured at a small distillery in the woods near appellant's premises, and that appellant was aware of its presence there, and, in fact, visited the place on more than one occasion and drank whiskey there. The only issue in the case is whether or not he participated in the operation of the still.

The State introduced a witness who testified that he saw appellant at the place on several occasions, and that he was engaged in working there, performing various services required to manufacture the whiskey. Appellant admitted that he visited the place several times, but stated that his visits there were purely accidental and that he had nothing to do with the operation of the still. Appellant was asked on cross-examination if he had not stated before the grand jury that he worked at the still. He denied that he made any such statement, and later the foreman of the grand jury was called and permitted, over appellant's objection, to testify that appellant stated to the grand jury that he did some work at the still. An exception was duly saved and this ruling of the court is about the only

thing that is seriously urged here as grounds for re-versal.

It is argued that the effect of the court's ruling in the admission of this testimony was to do violence to the constitutional guaranty that a person shall not "be compelled in any criminal case to be a witness against himself." Art. II, section 8, Const. 1874. The purpose of this guaranty is the protection against an accused as such, and not as a witness. When an accused person takes advantage of the right conferred upon him by statute to testify in his own behalf, he goes upon the witness stand subject to the same rules of evidence as any other witness, and may be impeached in the same way that any other witness may be impeached. He can be impeached by contradictory statements wherever made, and there is no exception concerning a statement made before the grand jury when he has testified there as a witness.

The fact that the testimony might be considered by the jury as an admission of guilt, notwithstanding the admonition of the court to the contrary, is no reason for excluding it. An accused person takes that chance when he voluntarily goes upon the witness stand and subjects himself to the ordinary test of cred-ibility as a witness. It is the duty of the court, of course, to admonish the jury that the alleged conflict-ing statements are not to be considered as substantive proof of guilt of the offense charged, and this the trial court did in very appropriate and forceful terms. We are of the opinion, therefore, that no error was com-mitted.

There is another assignment of error with respect to the refusal of the court to give an instruction con-cerning the inference to be drawn from the presence of the accused at the still, but we find that the substance of this instruction was covered by one which the court gave of its own motion.

There is no error and the judgment is affirmed.