SPIGHTS v. STATE.

Opinion delivered October 2, 1922.

1. INTOXICATING LIQUORS—UNLAWFUL SALE—EVIDENCE.—In a prosecution for selling intoxicating liquors, evidence *held* sufficient to warrant conviction.

2. WITNESSES—CROSS-EXAMINATION.—In a prosecution for selling intoxicating liquors, cross-examination of accused as to his testimoney before the grand jury was properly allowed where the prosecuting attorney testified that accused told him he wanted to go before the grand jury and explain the charges against him, which he knew was under investigation, and was told that he might do so, but, if he did so, he would be cross-examined.

3. CONTINUANCE—ABSENCE OF NON-RESIDENT WITNESSES.—It was not error to refuse a continuance for the absence of nonresident witnesses where no showing was made why their depositions had not been taken.

4. CRIMINAL LAW—INSTRUCTION AS. TO REASONABLE DOUBT.—An instruction that· the jury must· consider all the evidence fully and fairly before they could entertain a reasonable doubt as to the defendant's guilt was not erroneous.

5. CRIMINAL LAW—TESTIMONY ON PRELIMINARY HEARING.—In a prosecution for selling intoxicating liquors, the refusal to permit defendant to read in evidence the testimony of absent witnesses given at the preliminary hearing of defendant on a charge of operating a gambling house was not error, both because no effort to take their deposition had been made, and because the charges were different.         ;

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Richard M. Ryan,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin,* Assistant, for appellee.

SMITH, J.   Appellant was convicted of selling intoxicating liquors, and has appealed.

One J. A. Brooks testified that he lived in Hot Springs, and left his home to spend an idle evening. As he sauntered down the street he met a negro boy, of whom he inquired where a crap game could be found. The boy furnished the information by conducting Brooks to appellant's place of business, and upon entering this place Brooks found two negroes shooting craps on a pool table. Brooks participated in that game until three or four other men came in and a game of poker was started. After the poker game had been in progress for a short time appellant appeared with a bottle of whiskey and sold drinks to the players for twenty-five cents each. Brooks soon bought a second drink, after which he says he bebecame unconscious, and when he woke the next morning he found he had lost his money, had pawned his watch, and had drawn a check against his bank account for $300. A witness named Sexton corroborated Brooks about the purchase of the whiskey.

This statement of facts answers the assignment of error that the evidence is insufficient to sustain the verdict.

Appellant denied all these facts, although he admitted cashing the check for Brooks, which he says he did as an accommodation, although he stated that Brooks was drunk at the time and he had never seen him before.

On the cross-examination of appellant he was asked, "Did you not say this: 'He wrote the check out in my presence and signed it'?" This question appears to have been asked by the prosecuting attorney while examining and apparently reading from the minutes of the grand jury. Objection was made to this question on the ground that by using the grand jury notes appellant had been required to repeat testimony which he gave involuntarily before the grand jury.

This assignment of error may be disposed of by saying that the prosecuting attorney took the stand and testified that appellant told him he wanted to go before the grand jury and explain the charge against him which he knew was under investigation, and appellant was told that he might do so; but if he did go before the grand jury he would be cross-examined. Under these circumstances there was no error in asking the witness about his testimony before the grand jury. *State* v. *Roberts,* 148 Ark. 328, 336; *Pinkerton* v. *State,* 126 Ark. 201; *Ex. parte Butt,* 78 Ark. 262; *Eastling* v. *State,* 69 Ark. 191.

A motion for continuance was filed on account of the absence of certain witnesses. But these witnesses were nonresidents of the State, and were known to be so by appellant, who was indicted and arrested on the 12th day of January, 1922. His case was continued to the next term and was set and called for trial on the 29th day of March, 1922. No showing was made why the depositions of these nonresident witnesses were not taken, as might have been done.

An exception was saved to the istruction given by the court on the question of reasonable doubt, the objection to the instruction being that it told the jury they must consider all the evidence fully and fairly before they could entertain a reasonable doubt. The portion of the instruction upon which this objection is based reads

as follows: "But if, after fully and fairly considering all of the evidence, you entertain a reasonable doubt as to whether or not he sold alcoholic liquors, or was interested in the sale, then it would be your duty to find him not guilty." We think the instruction a proper one. The jury should consider all the evidence fully and fairly, and this consideration should properly precede the determination of the question of guilt.

It is insisted that error was committed in refusing to permit appellant to read in evidence the testimony of certain witnesses given at the preliminary hearing in the municipal court of Hot Springs, in which appellant was there charged with operating a gambling-house. These were the same witnesses on account of whose absence a continuance was asked. A stenographic report of the testimony of these witnesses had been made at the time, and the stenographer who had reported the case had transcribed his notes and was present to read them; but the court refused to permit this to be done. As has been said, it appeared from the examination of the witnesses in this preliminary trial that they were nonresidents of the State, and were only temporarily staying in Hot Springs, yet, as has been said, no attempt had been made to take their depositions. A syllabus in the case of *Wimberly* v. *State,* 90 Ark. 514, is applicable here: "Proof of what a witness swore upon a former trial is admissible on a subsequent trial of the same cause if it be shown that he is a nonresident and out of the court's jurisdiction; but if his place of residence be known, and his testimony can be taken under a commission, it is within the court's discretion to issue a commission to take his testimony or to admit proof of his former testimony, and the exercise of such discretion is not reviewable save for gross abuse."

Moreover, the charge before the municipal court was that of operating a gambling-house, while the charge here is that of selling liquor, and the evidence was excluded by the court on that ground, as is indicated by the remarks of the judge in overruling the motion. It affirmatively ap-

peared that the prosecuting attorney had dismissed before the municipal court the charge of selling liquor against appellant and was seeking to have appellant bound over for operating a gambling-house. The charges being different, there was no error in excluding the testimony on that ground. *Eyer* v. *State,* 112 Ark. 37; *Fox* v. *State,* 102 Ark. 393.

Exceptions were saved to certain remarks of the prosecuting attorney; but after considering them we have concluded they were matters of declamation or argument and could not have been prejudicial.

No error appearing, the judgment is affirmed.