## WILLIAMS v. STATE.

4415                                              196·S. W. 2d 751

Opinion delivered September 30, 1946.

Kenneth C. Coffelt, for appellant.

Guy E. Williams, Attorney General, and Earl N. Willams, Assistant Attorney General, for appellee.

McHANEY, Justice. By information filed November 2, 1942, appellant, a Negro woman, was charged with murder in the first degree for the shooting and killing of another Negro woman, Lucille Williams. She was tried

and convicted, at the March, 1946, term of Court, of involuntary manslaughter, and sentenced to one year in the State penitentiary.

When the case was called for trial appellant filed a motion to be discharged under the provisions of § 3969 of Pope's Digest, she having been admitted to bail on or shortly after her arrest, on the ground that she had not been "brought to trail before the end of the third term of the Court" after admission to bail. That section so provides with the condition that the delay must not happen on her application. The Court overruled the motion for discharge and a trial followed with the result above stated.

On this appeal the only alleged error urged for a reversal is the overruling of said motion to be discharged.

It is undisputed that at the first term of court after the charge was filed, in March, 1943, a continuance was granted on appellant's motion. It is also undisputed, and the Court so found in the order denying the motion, that the case was set for trial at the September, 1944, term, but was not tried, and that no other setting of the case was asked by either the State or appellant until it was set for trial for March 11, 1946. In other words, appellant did not, on the record, or otherwise, demand a trial or resist postponements.

In the early case of *Stewart* v. *State,* 13 Ark. 720, it was held that, in order to justify a discharge of the accused on such a motion, "he must have placed himself on the record in the attitude of demanding a trial, or at least of resisting postponements." In *Dillard* v. *State,* 65 Ark. 404, 46 S. W. 533, the Stewart case, *supra,* was erroneously cited as being in the 23 Ark., and the language above quoted is there quoted with approval with other language of Chief Justice Watkins giving the reasons for the rule. It was there said, under similar facts to those here, "So it appears that appellant was consenting to or acquiescing in the delay, and made no demand for a trial or disposition of the case against him." In *Ware* v. *State,* 159 Ark. 540, 252 S. W. 934, the Stewart and

Dillard cases were cited as also the later case of *Fox* v. *State,* 102 Ark. 393, 144 S. W. 516, and the construction of the statute as given in the Stewart case was again approved. See, also, *Fulton* v. *State,* 178 Ark. 841, 12 S. W. 2d 777.

Under the rule announced in these cases, the trial Court correctly overruled the motion to discharge appellant, since she never at any time demanded a trial or resisted postponement. By her silence she must be held to have consented to the postponements.

Affirmed.