BREEDLOVE *v.* STATE.

4801                                    280 S. W. 2d 224

Opinion delivered June 6, 1955.

[Rehearing denied July 4, 1955.]

*Q. Byrum Hurst* and *C. A. Stanfield,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

ROBINSON, J.   This is an appeal from an order overruling defendant's motion that the case be dismissed because he had not been brought to trial within three terms after the filing of the information.   This is an appealable order.   *Ware* v. *State,* 159 Ark. 540, 252 S. W. 934.

Ark. Stats., § 43-1709 provides: ''If any person indicted for any offense, and held to bail, shall not be brought to trial before the end of the third term of the court in which such indictment is pending, which shall be held after the finding of such indictment, and such holding to bail on such indictment, he shall be discharged, so far as relates to such offense, unless the delay happened on his application.''

The record reflects that on the 8th day of May, 1953, the Prosecuting Attorney filed in the Circuit Court an information charging the defendant with murder in the first degree.   On the 12th day of May, 1953, defendant was released on bond.   The term during which the information was filed ended in September, 1953, with a new term beginning at that time.   The case was set for trial for the 2nd day of November, 1953, which was during the September term, and which was the first term subsequent to the time that the information was filed.

The record shows that the case was continued on the motion of the defendant. The next term of court began in March, 1954, and the case was not set for trial during that term. The case was again set for trial for December 3, 1954, which was during the September, 1954, term. Prior to December 3, 1954, the defendant filed a motion for continuance which was granted. He then filed a motion to dismiss.

The leading case on the subject is *Stewart* v. *State,* 13 Ark. 720. There it was held that the term at which the defendant is indicted is to be counted as one of the three terms mentioned in the statute. In other words, the statute is applicable where the defendant is not brought to trial at the end of the second term held after the term during which the indictment was filed. Here, the case was set for trial at the first term following the term in which the information was filed. Although the record shows that the case was continued at that time on motion of the defendant, it is contended by the defendant that the Prosecuting Attorney actually did not intend to try the case because of insufficient evidence that; the case was not brought to trial because the State was not ready. In any event, the record clearly shows, according to the testimony of defendant's counsel, that the defendant acquiesced in the continuance. The Prosecuting Attorney testified that, as he remembered it, the defense counsel moved for a continuance, and that the State did not oppose it. This motion was made during the first term subsequent to the filing of the information.

The case was not set for trial during the March, 1954, term of court, but was set for December 3 during the September, 1954, term. In other words, the case was set for trial twice, and both times the defendant either moved for a continuance or acquiesced in a continuance. At no time did two terms of court following the filing of the information expire without the case being set for trial. The statute is not applicable where the delay is due to the application of the defendant, or where the defendant concurs in the delay. *Stewart* v. *State, supra;*

*Dillard* v. *State,* 65 Ark. 404, 46 S. W. 533; *Fox* v. *State,* 102 Ark. 393, 144 S. W. 516; *Williams* v. *State,* 210 Ark. 402, 196 S. W. 2d 489.

Affirmed.