[Civ. No. 9542.   Third Dist.   Mar. 17, 1959.]

GEORGE GREGORY, Appellant, v. JUSTICE COURT, SOUTH SACRAMENTO JUDICIAL DISTRICT, Respondent.

*Assigned by Chairman of Judicial Council.

Busick & Busick for Appellant.

Stanley Mosk, Attorney General, Lloyd Hinkelman, Deputy Attorney General, John M. Price, District Attorney (Sacramento), and George Goldsmith, Deputy District Attorney, for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment denying a peremptory writ of prohibition.

Appellant sought to restrain the respondent justice court from proceeding to try him on misdemeanor charges of assault, battery, and disturbing the peace. On May 24, 1957, the complaint was filed and on the same day appellant was arrested. On June 3, 1957, appellant entered a plea of not guilty and waived the right to be brought to trial within 30 days after his arrest as provided in subdivision 3 of section 1382 of the Penal Code. Trial before a jury was set for July 18, 1957, but prior to that date the trial judge because of his disqualification ordered the case transferred to the municipal court of the city of Sacramento, in which the trial was set for November 20, 1957. On the latter date the case was remanded by the municipal court to the respondent justice court. Thereafter, nothing further occurred until January 14, 1958, when, without reason or excuse for the delay, the clerk of the respondent court, pursuant to instructions of the judge thereof, advised the prosecuting attorney and the appellant's attorney that the case would be placed on the February 4, 1958, calendar for the purpose of being set for trial. However, prior thereto it appears that the judge of the respondent court engaged in telephone conversations with the district attorney and the appellant's counsel relative to a date for the trial of said case; and as a result of said conversation, the

---

*Assigned by Chairman of Judicial Council.

respondent court ordered the case set for trial on March 6, 1958 (in the absence of appellant or his attorney), and written notice thereof was mailed by the clerk of the court to counsel in the case. No objection was made to the date set for trial by appellant or his attorney until March 3, 1958, when appellant filed a motion to dismiss the case for failure to comply with section 1382 of the Penal Code. The motion was denied, and as heretofore stated, a writ of prohibition was sought to enjoin and restrain the respondent court from taking any further action in said cause.

Appellant contends that the superior court erred in denying his petition for a writ of prohibition. Section 13 of article I of the California Constitution provides: "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial; . . .", and insofar as here pertinent section 1382, subdivision 3, of the Penal Code reads:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

. . . . . . . . . . .

"3. Where the trial has not been postponed upon the defendant's application, if the defendant in a misdemeanor case in an inferior court, is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court, unless by his own neglect or failure to appear in court when his presence is lawfully required, his trial must be postponed. . . ."

Since it is agreed that the remanding of the case by the Sacramento Municipal Court to the respondent court on November 20, 1957, had the effect of starting a new 30-day period for trial unless the provisions of section 1382, subdivision 3, were complied with, it follows that unless good cause to the contrary is shown compliance with the statute required that appellant's trial should have begun on or before December 20, 1957. A delay beyond that date, in the absence of a waiver of the statutory time for trial or a showing of good cause for the delay, would entitle appellant to a dismissal. (*Herrick* v. *Municipal Court,* 151 Cal.App.2d 804 [312 P.2d 264].)

In the case of *People* v. *Angelopoulos,* 30 Cal.App.2d 538, at page 545 [86 P.2d 873], it is said: "The burden is on the prosecution to show good cause for the delay when a motion for dismissal of the action is made on that account. (*Harris* v. *Municipal Court,* 209 Cal. 55, 64 [285 P. 699].)"

Respondent made no showing of any kind that there was good cause for the delay attributable to the condition of the calendar, the availability of witnesses and the like. This record shows that appellant's petition for a peremptory writ of prohibition was denied solely on the ground that the appellant had waived his right to have the case tried within the 30-day statutory period by not having taken some action to inform the court that he did not waive such right at the time of setting the cause for trial, although neither appellant nor his attorney was present in court at the time.

While appellant concedes that one may waive his constitutional right to a speedy trial, he contends that the waiver must take place prior to the expiration of the statutory period and that since the statutory 30-day limitation in the instant case had expired 55 days prior to the purported waiver the trial court erred in attempting to pursue the matter further. We feel that there is merit in this contention. If such were not the rule, there would be no limitation of time in which one charged with a crime could be brought to trial, although the statutory time limit had long since expired. Such a rule would defeat a defendant's constitutional right to a speedy trial. (Cal. Const., art. I, § 13, *supra*.) Such is not the intent or purpose of the law.

While it is well settled that the constitutional right to a speedy trial and the foregoing statutory requirement may be waived when the waiver occurred within the statutory period (*People* v. *Tahtinen*, 50 Cal.2d 127 [323 P.2d 442]; *Muller* v. *Justice's Court*, 129 Cal.App.2d 570 [277 P.2d 866]), and that if a defendant intends to stand upon his right to a trial within the statutory period, he must take some action to inform the court that he does not waive his right (*People* v. *O'Leary*, 130 Cal.App.2d 430 [278 P.2d 933]; *Ray* v. *Superior Court*, 208 Cal. 357 [281 P. 391]), and that his failure to object is the equivalent of consent (*People* v. *Tahtinen*, *supra*), the opinion in each of these cases shows that the waiver occurred within the statutory period, not long afterward as in the instant case. For that reason we feel that this case is distinguishable and the authorities relied upon by respondent are not controlling here.

The judgment is reversed.

Peek, Acting P. J., and Schottky, J., concurred.