James GARRISON *v.* STATE of Arkansas

CA CR 80-34                              605 S.W. 2d 467
Court of Appeals of Arkansas
Opinion delivered September 24, 1980

*Guy H. Jones, Phil Stratton, Guy Jones, Jr.*, and *Casey Jones*, by: *Guy H. Jones*, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The question on this appeal is whether the state has lived up to its obligation to afford the appellant a speedy trial. We conclude that because the appellant was not tried within three terms of court as provided in A. R. Crim. P. 28.1(b), and because the delay was not attributable to the appellant or otherwise excusable, the state has not met its obligation, and the conviction must be reversed and the case dismissed. As our decision on this point disposes of the appeal, we will not address the appellant's other point having to do with exclusion of witnesses from the trial.

The following is a chronology of significant events:

| | |
|---|---|
| July 22, 1977 | Arrest and charge. |
| August 2, 1978 | Defendant's Motion for bill of particulars. |
| August 4, 1978 | Trial date – case passed. |
| August 9, 1978 | Bill of particulars filed. |
| August 11, 1978 | Motion for more complete answers in bill of particulars. |
| August 17, 1978 | Notice to counsel of October 16, 1978, trial date. |
| September 20, 1978 | Petition for withdrawal of defendant's counsel, Nathan Gordon. Order permitting withdrawal signed September 26, 1978, and entered on record September 28, 1978. |
| October 16, 1978 | New trial date. Docket entries |

|  |  |
|---|---|
|  | do not show why trial was not held. |
| January 22, 1979 | Special prosecutor appointed because defendant's new counsel was elected prosecutor. |
| January 29, 1979 | Trial reset for February 5, 1979. |
| February 5, 1979 | Trial date. Defendant and counsel, Andre McNeil, appear for trial, but case not tried. |
| August 28, 1979 | Attorney McNeil on behalf of defendant moves for a continuance and for permission to withdraw as counsel. Order issued resetting trial date for October 4, 1979. |
| October 3, 1979 | Motion to dismiss for lack of speedy trial. |
| October 4, 1979 | Trial. |

The appellant asserts, and the state does not contest the assertion, that the third term of court after the date the appellant was arrested and charged expired May 9, 1979. To justify overruling the appellant's motion to dismiss for lack of a speedy trial, the trial court, in colloquy with the Prosecutor said:

THE COURT:
I'm reading from the fourteenth annual report of the Judicial Department of Arkansas, 1979. Statistics show as of January 1, 1979, there were 786 cases, civil and criminal, pending in Faulkner County. That during that year 678 cases were filed, 650 cases were ter-

minated, leaving at the end of the year or the beginning of 1979 924 cases.

The court docket in Faulkner County has been such as to preclude the trying of every case within the proper time; that the state of the docket is such that the case has been set before but for some reason or other was not tried; that I believe the rule of speedy trial is subject to the crowded conditions of the docket, which certainly do or did exist in Faulkner County during this period of time.

The defendant has through his attorneys appeared, has pled in this case, has requested delays in this case since the first day of May or the first Monday in May of 1979; he has not shown any loss or suffering occasioned by the delay in this trial, and I'm going to overrule your motion.

MR. THOMPSON [THE PROSECUTOR]:
Your Honor, may I state a couple of things for the record? In Arkansas case of Stuart versus the State the Court says, 'We can't shut our eyes to the known fact that delays diminish the chance of conviction, and that hope is usually sought or acquiesced in by the accused, and that he must have placed himself on the record in the attitude of demanding a trial or resisting postponements.'

This is approved in other cases. Also, I'd like to cite Rule 30.2, 'Failure of defendant to move for a dismissal prior to plea of guilty or trial shall constitute a waiver of rights under these rights.' And, also, state that the prosecution as of this morning was unaware of a motion to dismiss for want of prosecution.

THE COURT:
And another reason for overruling this thing is untimely filing. It was not filed within the prescribed time.

Thus, the court offered three reasons for the delay, *i.e.,* a crowded docket, an untimely motion and delay requested by

the defendant after the period required by rules 28.1 and 28.2 had run. On this appeal, the state argues that the trial court was correct in denying the motion because some of the delay was attributable to the defendant, and thus excluded pursuant to rule 28.3(c) or that the delay was for "good cause" and thus excluded pursuant to rule 28.3(h). To some extent the trial court's reasons and the appellee's arguments overlap. We find none of them to be persuasive.

### 1. *The crowded docket.*

A crowded docket is not an acceptable excuse for denying a speedy trial absent "exceptional circumstances." We know of no case law in this state which defines the term "exceptional circumstances" as it is used in rule 28.3(b). We are, however, assisted by the commentary accompanying the *American Bar Association Standards for Criminal Justice (1967).* The commentary which accompanies this particular rule prior to its adoption in this state was as follows:

> Although it is appropriate to allow added time under certain exceptional circumstances, such as those which result in the unavailability of the prosecutor or the judge at the time the trial is scheduled, delay arising out of the chronic congestion of the trial docket should not be excused. Some states by statute excuse delay "for the want of time to try" the case, *e.g.,* Ark. Stat. Ann. § 43-1710 (1964); some others read their "good cause" exceptions as encompassing such delay, while a few others excuse such delay even absent a good cause provision. Note, 57 Colum. L. Rev. 846, 857-59 (1957). This is justified on the ground that "the statutory and constitutional right to speedy trial is designed only to prevent laches on the part of the prosecution, and not to guard against court delay." Id. at 858.

> That view is rejected here for the following reasons: (1) The defendant can be prejudiced by delay, whatever the source. See Note, 108 U. Pa. L. Rev. 414, 421 (1960). (2) Such delays are contrary to public interest in the prompt disposition of criminal cases. (3) If congestion excuses long delays, there is lacking sufficient in-

ducement for the state to remedy congestion. (4) The calendar problems which arise out of trying to make maximum use of existing facilities do not ordinarily require time beyond that otherwise allowed. But, while delay because of a failure to provide sufficient resources to dispose of the usual number of cases within the speedy trial time limits is not excused, the standard does recognize congestion as justifying added delay when "attributable to exceptional circumstances." Although it is fair to expect the state to provide the machinery needed to dispose of the usual business of the courts promptly, it does not appear feasible to impose the same requirements when certain unique, nonrecurring events have produced an inordinate number of cases for court disposition. Thus, when a large-scale riot or other mass public disorder has occurred, some leeway for additional time is required to ensure that the many resulting cases may receive adequate attention from the prosecutor's office, defense counsel (possibly a single defender office), and the judiciary.
[*ABA Standards*, Commentary, Pgs. 27-28].[1]

Thus, it is clear to us that the rule was not intended to and should not permit the state to deny a speedy trial on the basis of crowded docket conditions absent an "exceptional circumstance," such as is mentioned in the Commentary, which does not appear here.

## 2. *Filing time.*

With respect to the judge's observation that the motion to dismiss was not timely filed, we need only observe that rule 30.2 provides that a defendant waives his right to a speedy trial if he fails to move for dismissal "prior to a plea of guilty or trial," and in this case the appellant did not· plead guilty, and his motion was made before he was tried.

## 3. *"Good cause" for delay.*

The state makes much of the fact that the appellant had

---

[1]See also, Comment, 25 Ark. L. Rev. 234 (1971).

four successive attorneys representing him at various times during the proceedings. However, it is clear that, during the period between his arrest and the end of the third full term of court (May 7, 1979), the defendant did not ask for any delay as a result of that fact or any other. The state would have us say there was "good cause" for the delay and thus it was excusable in accordance with rule 28.3(h). For that proposition the case of *Campbell* v. *State*, 264 Ark. 372, 571 S.W. 2d 597 (1978), is cited. In that case a delay was ordered for the accused to obtain new counsel, Although it does not appear that the accused asked for the delay in so many words, it is apparent from the quotation in the opinion of the dialog between the accused and the court that he wanted it so as to obtain assistance from relatives in seeking new counsel. In the case before us, there is no such evidence.

Also cited by the appellee is the case of *Foxworth* v. *State*, 263 Ark. 549, 566 S.W. 2d 151 (1978). In that case our supreme court held there was no denial of a speedy trial when the delay was caused by the fact that the accused assaulted his counsel which led them to ask for permission to withdraw. The court said that the lower court's action in ordering a continuance was a delay for "good cause" within rule 28.3(h). The case is distinguishable, because there the withdrawal of counsel occurred "a few days" before the time the trial was scheduled. Here, the only possible trial date which could have been passed because of withdrawal of counsel was the one on October 16, 1978. That was 27 days after Mr. Gordon petitioned to withdraw and 20 days after the order permitting withdrawal was signed. From the opinion in the *Foxworth* case, we canot tell whether a request for continuance was made by the accused. Whether or not such a request was made there, we feel the circumstances in the case before us are ample to distinguish it, and there clearly was no request for delay here.

While we need not comment on each of the dates in the sequence set out above, we deem it significant that had the appellant been tried on February 5, 1979, the last of the dates set for trial before October 4, 1979, his trial would have been well within the period which both parties agree would have been adequate under our rules. All we know about the reason

for the failure to hold the trial on the date is the appellant's statement in his brief that he appeared on that date with his attorney ready for trial, and the matter was deferred because another case was to be tried that day. The appellee does not challenge that statement.

### 4. *Continuance request after time had passed.*

The only request for a continuance by counsel for the accused occurred long after the time for a speedy trial, as specified in rule 28.1(b), had passed. This raises the question whether an accused may waive his right to a speedy trial by failing to move for dismissal on that basis rather than asking for a continuance, or moving for dismissal or continuance in the alternative. We know of no Arkansas case on that point, but we are persuaded by the decision of a California District Court of Appeal in *Gregory* ·v. *Justice Court, S. Sacramento Judicial District*, 168 Ca. App. 2d 719, 336 P. 2d 584 (1959). There, the court was dealing with a requirement that a misdemeanor allegation be tried within 30 days after arrest. The California court agreed with the appellant's contention that, while one may waive one's constitutional right to a speedy trial, the waiver must take place prior to the expiration of the statutory period. The court said:

> If such were not the rule, there would be no limitation of time in which one charged with a crime could be brought to trial, although the statutory time limit had long since expired. Such a rule would defeat a defendant's constitutional right to a speedy trial. Such is not the intent or purpose of the law.
> [336 P. 2d at 586, Citation omitted.]

The state bears the burden of showing a speedy trial has been granted in response to a motion to dismiss for lack of a speedy trial. *State* v. *Lewis*, 268 Ark. 359, 596 S.W. 2d 697, (1980), *Randall* v. *State*, 249 Ark. 258, 458 S.W. 2d 743 (1970). All we have in the brief for appellee, in addition to the citations noted above is a citation to *Stewart* v. *State*, 13 Ark. 720 (1853), of which the prosecutor spoke to the court, *supra*, which recognizes that accused persons usually seek to delay their trials, as well as a reference to the trial judge's stated

reasons for overruling the motion. Beyond that, we have only the statement of the appellee that the appellant's contention that none of the delays were caused by him or his counsel is incredible. The appellee does not argue that any specific period of time is to be charged to the appellant. Even if we were sure the request for a bill of particulars caused the first trial date to be passed and that the withdrawal of Mr. Gordon caused the October 16, 1978, date to be passed (and neither conclusion is demonstrable in the record before us) those would hardly have justified delaying the trial until October 4, 1979. In addition, the problem which arose when the appellant's counsel was elected prosecutor certainly did not justify the delay from January 22, 1979, the date the special prosecutor was appointed, until October 4, 1979, or more than eight months.

We find the appellant's contentions to be credible and hold the state has failed to meet its burden to show the delays fell within any of the exceptions to our rules requiring a speedy trial.

Reversed and dismissed.