Wayne DUNCAN *v.* STATE of Arkansas

CR 87-130                                    740 S.W.2d 923

Supreme Court of Arkansas
Opinion delivered December 14, 1987

*Wayne Emmons*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was found guilty of committing a horrible first degree murder in Ravenden Springs. In this appeal he argues that the conviction must be reversed and dismissed for want of a speedy trial. Unfortunately, the argument is meritorious.

■ A.R.Cr.P. Rules 28.1(c) and 28.2(a), in the part applicable to this case, provide that a defendant who is charged with a crime and is out on bail "shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within eighteen (18) months" from the date the charge was filed. In this case the charge was filed on October 18, 1982. During the next eighteen months there were no excludable periods, *see* A.R.Cr.P. Rule 28.3, such as a period when the defendant asked for a continuance, *see* A.R.Cr.P. Rule 28.3(c). Even so, the defendant was not tried during that eighteen month period and the State offers no explanation whatsoever for the failure to try the defendant in a timely manner. On July 19, 1984, three months after the April 18 deadline had passed, the defendant moved for a continuance. Still later, on October 29, 1984, the defendant moved for another continuance. On November 19, 1984, the defendant moved to have the charge dismissed for want of a speedy trial. On December 17, 1985, the trial court denied the motion, and the trial began on April 8, 1985. The trial court's denial of the motion to dismiss is now on appeal.

The State admits that it did not try the appellant within the time provided, but, in spite of that fact, asks us to affirm the trial court for either of two reasons: first, the appellant acquiesced to the late trial by asking for the continuances after the deadline had passed, and second, the motion was not filed as soon as possible, and, therefore, was not preserved for appellate review.

■ The State's first argument, that the appellant acquiesced to the late trial, was addressed in a similar case by the Court of Appeals. In a well reasoned opinion that court wrote:

> The only request for a continuance by counsel for the accused occurred long after the time for a speedy trial, as

specified in rule 28.1(b), had passed. This raises the question whether an accused may waive his right to a speedy trial by failing to move for dismissal on that basis rather than asking for a continuance, or moving for dismissal or continuance in the alternative. We know of no Arkansas case on that point, but we are persuaded by the decision of a California District Court of Appeal in *Gregory* v. *Justice Court, S. Sacramento Judicial District*, 168 Cal. App. 2d 719, 336 P.2d 584 (1959). There, the court was dealing with a requirement that a misdemeanor allegation be tried within 30 days after arrest. The California court agreed with the appellant's contention that, while one may waive one's constitutional right to a speedy trial, the waiver must take place prior to the expiration of the statutory period. The court said:

> If such were not the rule, there would be no limitation of time in which one charged with a crime could be brought to trial, although the statutory time limit had long since expired. Such a rule would defeat a defendant's constitutional right to a speedy trial. Such is not the intent or purpose of the law.

[336 P.2d at 586, Citation omitted.]

*Garrison* v. *State*, 270 Ark. 426, 433, 605 S.W.2d 467, 470 (Ark. App. 1980).

In the same case the Court of Appeals addressed the State's second argument that the motion to dismiss was not timely filed. That court wrote:

> With respect to the judge's observation that the motion to dismiss was not timely filed, we need only observe that rule 30.2 provides that a defendant waives his right to a speedy trial if he fails to move for dismissal "prior to a plea of guilty or trial," and in this case the appellant did not plead guilty, and his motion was made before he was tried.

*Id.* at 431, 605 S.W.2d at 469.

Although *Garrison* was decided under the criminal rules as

they existed prior to the 1980 amendments, the amendments do not affect the reasoning used, and the case is still sound.

■■ Once the speedy trial rules have been prima facie violated, as they were in this case, the burden is on the State to show some good cause for the untimely delay. *Lowe v. State*, 290 Ark. 403, 404-05, 720 S.W.2d 293, 294 (1986). The State offers no reason for its failure to try the appellant within the eighteen month period. The motions for continuance made after the deadline had passed do not constitute an acquiescense in the delay, and, since the motion for dismissal was filed and brought to the attention of the trial court prior to trial, it was timely raised.

Reversed and dismissed.

HICKMAN, HAYS, and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. The majority court, in my opinion, has made a grave mistake by its failure to recognize the appellant waived or concurred in the delay of his trial. The pertinent dates and narrated events are as follows:

10/18/82    Appellant was charged with first degree murder.

4/18/84     On this date, the appellant's eighteen-month speedy trial period expired. During this period, neither the state nor appellant had moved for any continuances; nor did appellant file a motion to dismiss for a delay.

7/19/84     Instead, appellant, on this date, moved for a continuance, stating he had a witness who would be unavailable at the trial which had been set for 8/13/84. The trial court granted appellant's motion, resetting the trial on 11/12/84.

10/29/84    Appellant again asked for a continuance and received it on the grounds that he obtained a new attorney who needed time to prepare for trial. The trial court reset the trial once again on appellant's motion, this time to be heard on 4/8/85.

11/19/84    On this date, appellant filed a motion for dismissal, alleging for the first time that the state denied him a speedy trial.

In *Breedlove* v. *State*, 225 Ark. 170, 280 S.W.2d 224 (1955), this court, in construing our prior speedy trial law, held that such law is not applicable where the delay was due to the application of the accused or where the accused concurred in the delay. *See also Williams* v. *State*, 210 Ark. 402, 196 S.W.2d 751 (1946) (wherein the court upheld the trial court's overruling the defendant's motion to discharge because she neither demanded a trial nor resisted its postponement). Here, for whatever reasons best known to appellant, he clearly acquiesced in the state's delay in trying his case before the eighteen-month limitation expired on April 18, 1984. Based upon his July 19, 1984 motion to continue the first trial set on August 13, 1984, he most likely was not ready to go to trial. In fact, appellant was not ready for trial at the second trial setting on November 12, 1984. In my mind, appellant concurred throughout the delay until he moved for dismissal on November 19, 1984. If he had been serious about a speedy trial, appellant should have raised his dismissal motion at the first opportunity after the eighteen-month limitation period ended on April 18, 1984, and before the trial date, August 13, 1984.

In conclusion, I believe the majority's reliance upon the court of appeals' case of *Garrison* v. *State*, 270 Ark. 426, 605 S.W.2d 467 (Ark. App. 1980), is wrong. That court, and now this court, adopts a 1959 California court of appeals' decision that, in effect, states that if a defendant can waive his speedy trial right, he must do so prior to when the limitation period ends. The California court reasoned that if such were not the rule, there would be no limitation of time in which one charged with a crime could be brought to trial, although the statutory time limit had long since expired. How that court's rationale applies here, I fail to understand. Here, appellant's case would have come to trial—even ended perhaps—if he had presented a meritorious motion to dismiss after the eighteen-month period had expired. Instead of asserting his right to a speedy trial, he requested and received two continuances after the eighteen-month period ended. I am unwilling to reward his lack of diligence by giving him the benefit of our speedy trial laws. Therefore, I dissent.

HICKMAN and HAYS, JJ., join in this dissent.