Cite as 2019 Ark. App. 435

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR-19-7

| | |
|---|---|
| TRAVIS BLAKE DODSON<br><br>APPELLANT | **Opinion Delivered:** October 2, 2019<br><br>APPEAL FROM THE GRANT COUNTY CIRCUIT COURT<br>[NO. 27CR-17-113] |
| V. | |
| | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS<br><br>APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Travis Dodson was convicted by a Grant County jury of one count of possession of a controlled substance and five counts of possession of drug paraphernalia and sentenced to a total term of 444 months in the Arkansas Department of Correction. His sole argument on appeal is that the circuit court erred in denying his motion to dismiss on speedy-trial grounds. We affirm.

We begin by setting out our rules governing speedy trials and our standard of review. Arkansas Rules of Criminal Procedure 28.1(b) and 28.2(a) require the State to bring a criminal defendant to trial within twelve months from the date of his or her arrest, excluding only such periods of necessary delay as are authorized by Rule 28.3. If a defendant is not brought to trial within the requisite time, he or she is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 30.1(a). Once it has been shown that

a trial will be held after the speedy-trial period set out in Rule 28.1 has expired, the State bears the burden of proving that the delay was the result of the defendant's conduct or was otherwise justified. *Miles v. State*, 348 Ark. 544, 75 S.W.3d 677 (2002). This court conducts a de novo review to determine whether specific periods of time are excludable under the speedy-trial rules. *Pitts v. State*, 2019 Ark. App. 107, 571 S.W.3d 64; *Federick v. State*, 2012 Ark. App. 552, 423 S.W.3d 649. With our rules in mind, we now examine the procedural history of this case to determine whether Dodson's speedy-trial rights were violated.

Dodson was arrested on December 9, 2016. His trial was originally scheduled for December 4, 2017; however, the State moved several times for continuances. The circuit court granted each of the State's motions and entered orders tolling the time for speedy trial. Dodson went to trial on March 16, 2018, but the trial on that date ended in a mistrial.[1] During this time frame, from the date of arrest through the date of the initial trial, Dodson did not object to any of the State's motions for continuance or the orders entered by the court tolling the time, nor did he move to dismiss on speedy-trial grounds.

Subsequent to the mistrial, the State announced that it was electing to retry the case, and the circuit court set the matter for retrial on May 24, 2018. Three days before trial, Dodson filed a motion to dismiss in which he argued that over one year had elapsed since his arrest and that the charges should be dismissed "for violation of speedy trial." The circuit court denied the motion, and the matter proceeded to trial on May 24. The jury convicted and sentenced Dodson as described above, and he timely appealed.

---

[1]Dodson fails to include record documents reflecting this mistrial in his addendum and mentions it only in passing on page 6 of his brief.

On appeal, Dodson argues that the circuit court erred in excluding periods of time that should have been attributable to the State; he also argues that the circuit court's orders granting the State's motions for continuance and tolling speedy trial were insufficient to satisfy the requirements of Arkansas Rule of Criminal Procedure 28.3(b). We do not address the merits of his arguments for two reasons: first, Dodson waived his right to move for dismissal prior to his first trial; and second, less than twelve months elapsed before his second trial, and thus no speedy-trial violation occurred.

We first address the waiver issue. Admittedly, Dodson's March 16, 2018 trial occurred more than twelve months after his December 9, 2016 arrest, a fact the State readily acknowledges. Arkansas Rule of Criminal Procedure 30.2, however, provides that the "[f]ailure of a defendant to move for dismissal of the charges under these rules *prior to . . . trial* shall constitute a waiver of his rights under these rules." (Emphasis added.) *See also Duncan v. State*, 294 Ark. 105, 107, 740 S.W.2d 923, 924–25 (1987) (citing *Garrison v. State*, 270 Ark. 426, 431, 605 S.W.2d 467, 469 (Ark. Ct. App. 1980) (noting that rule 30.2 "provides that a defendant waives his right to a speedy trial if he fails to move for dismissal 'prior to a plea of guilty or trial'")). Nothing in our de novo review of the record[2] indicates that Dodson filed a motion to dismiss based on an alleged speedy-trial violation prior to his March 16 trial and mistrial. Accordingly, his failure to do so constituted a waiver of his speedy-trial rights under Rule 30.2.

---

[2]Dodson designated the entire record on appeal.

We next examine the period of time between the mistrial and Dodson's second trial. The mistrial occurred on March 16, 2018, and the second trial was held on May 24, 2018; thus, just slightly more than two months elapsed during that time period. According to Arkansas Rule of Criminal Procedure 28.2(c), "[i]f the defendant is to be retried following a mistrial, the time for trial shall commence running *from the date of mistrial*." (Emphasis added.) This language has frequently been interpreted to mean that "the twelve-month 'counter' starts running anew after a mistrial has been declared." *Burningham v. State*, 346 Ark. 78, 85, 57 S.W.3d 118, 123 (2001); *Dean v. State*, 339 Ark. 105, 3 S.W.3d 328 (1999); *Odum v. State*, 311 Ark. 576, 845 S.W.2d 524 (1993) (retrial within five months of mistrial did not constitute speedy-trial violation). The second trial occurred within far less than twelve months of the mistrial, and Dodson's speedy-trial rights were therefore not violated.

Because Dodson waived his right to bring a speedy-trial challenge to the first trial, and his second trial was held within twelve months of his mistrial, the circuit court did not err in denying Dodson's motion to dismiss on speedy-trial grounds.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.