## Carolyn Mae CHANDLER *v.* STATE of Arkansas

CR 84-194                                            683 S.W.2d 928

### Supreme Court of Arkansas
### Opinion delivered February 11, 1985

*William R. Simpson, Jr.,* Public Defender, by: *Thomas J. O'Hern,* Deputy Public Defender, for petitioner.

*Steve Clark,* Att'y Gen., by: *Sandra Tucker Partridge,* Asst. Att'y Gen., for respondent.

ROBERT H. DUDLEY, Justice. The sole issue in this case is whether the petitioner was brought to trial within the period required by the speedy trial rules. A.R.Cr.P. Rules 27 through 30.2. Petitioner, Carolyn Chandler, was arrested for murder on August 14, 1981. She told the arresting officers that she resided on Battery Street in Little Rock. Three days

after her arrest she was taken before the Little Rock Municipal Court to have the amount of bond set. By that time she had decided to move back to her mother's home at 624 North Wood in Stuttgart. Her mother, Amelia Scott, posted a cash bond for her, and petitioner told the police and the municipal court personnel that she was moving back to Stuttgart. The bond release form clearly shows her address as 624 North Wood, Stuttgart, phone number 673-4209, and that her local relative, Amelia Scott, had the same address and telephone number. Petitioner was released on the cash bond and bound over to the circuit court. The municipal court clerk forwarded the bond, but not the bond release form, to the circuit clerk. On October 6, 1981, the circut court mailed a notice to petitioner, at the former Little Rock address, advising her that her plea and arraignment was set for October 14, 1981. Notice was not sent to her at the Stuttgart address. She did not appear for plea and arraignment, and an alias warrant was issued. Her bond was forfeited without notice. It is undisputed that petitioner resided at the Stuttgart address from the time of her release on bond until she was arrested on an alias warrant in March, 1984. The circuit court refused to dismiss for failure to grant a speedy trial and set the case for trial on the merits. Petitioner seeks a writ of prohibition. We grant the writ because the speedy trial rules have not been followed.

An accused, the victim, and the public are entitled to have criminal trials promptly held. Accordingly, we have promulgated the speedy trial rules. In order to ensure compliance, the speedy trial rules provide that an accused, if not promptly tried, will be absolutely discharged. Rule 30.1(a).

In the case at bar, the petitioner should have been tried within eighteen months from the date of her arrest. Rules 28.1(c) and 28.2(a). Since she was arrested on August 14, 1981, and trial was not scheduled until September 10, 1984, the charges must be absolutely discharged unless one of the authorized periods of exclusion is applicable. Rule 28.3. The burden is upon the State to show good cause for an untimely delay in the trial. *Williams* v. *State,* 275 Ark. 8, 627 S.W.2d 4 (1982). The State contends that the period during which petitioner was in Stuttgart should be an excluded period because petitioner's whereabouts were unknown to the

circuit court. See Rule 28.3(e). The argument is premised upon the failure of the municipal clerk to forward to the circuit clerk the bond release form which contained petitioner's Stuttgart address.

The State has a duty to make a diligent, good faith effort to bring an accused to trial. The failure of the State to check the available court records or otherwise demonstrate any diligence in locating the accused over a two and one half year period can not be excused. To hold otherwise would encourage needless delays in the trial of criminal cases.

The writt of prohibition is granted.