Tony SHAW v. STATE of Arkansas

CA CR 86-31                                    712 S.W.2d 338

Court of Appeals of Arkansas
Division II
Opinion delivered July 9, 1986

*Gibson, Gibson & Hasham*, by: *John F. Gibson, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

Tom Glaze, Judge. Appellant appeals from a conviction for driving while intoxicated. His only point for reversal is that the trial court erred by overruling his motion to dismiss for lack of a speedy trial. We agree, and reverse.

The following is a chronology of significant events:

| | |
|---|---|
| July 17, 1983 | Ticket issued to appellant. |
| August 4, 1983 | Appellant convicted in Monticello Municipal Court. |
| August 17, 1983 | Appellant appealed to circuit court. |
| July 10, 1985 | Case set for non-jury trial on August 19, 1985. |

| | |
|---|---|
| July 24, 1985 | Appellant filed request for a jury trial, and moved to dismiss for lack of a speedy trial. |
| November 14, 1985 | Jury trial held following the circuit court's decision to overrule appellant's motion to dismiss. |

■ Rule 28.1(c) of the Arkansas Rules of Criminal Procedure provides:

Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty . . . shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial *within eighteen (18) months* from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3. [Emphasis added.]

■ In this case, it is undisputed that the trial occurred nearly twenty-seven months after the case was appealed to circuit court. Therefore, the burden is upon the State to show good cause for an untimely delay in the trial. *Chandler* v. *State*, 284 Ark. 560, 683 S.W.2d 928 (1985).

The State concedes that the eighteen-month-limitation time began to run on August 17, 1983, but it argues that, under A.R.Cr.P. Rule 28.3, the following three periods of time should be excluded: (1) a five-month period during which the circuit judge was ill, (2) the time between appellant's request for a jury trial and the trial date, and (3) the delay due to a congested trial docket.

■ The trial court erred by failing to comply with three sections of Rule 28.3. First, we note that the trial judge altogether failed to comply with Rule 28.3(i), which provides:

All excluded periods *shall be set forth by the court in a written order or docket entry*. The number of days of the excluded period or periods shall be added to the number of months applicable to the defendant as set forth in Rule 28.1(a), (b) and (c) to determine the limitations and consequences applicable to the defendant. [Emphasis added.]

The record does not contain any written order or docket entry setting forth the excluded periods or the number of days in each period. The judge's only discussion of the excluded periods came at the time he overruled the motion to dismiss, when he verbally listed the excluded periods without specifying the number of days in each period.

■■ Next, the trial judge failed to follow Rule 28.3(b) and (c), which provide exclusions for:

(b) The period of *delay resulting from congestion of the trial docket* when the delay is attributable to exceptional circumstances. When such a delay results, *the court shall state the exceptional circumstances in its order continuing the case.*

(c) The period of *delay resulting from a continuance granted at the request of the defendant or his counsel.* All continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the continuance is granted until such subsequent date *contained in the order or docket entry granting the continuance.* [Emphasis added.]

■ In *Harkness* v. *Harrison*, 266 Ark. 59, 585 S.W.2d 10 (1979), the trial judge failed to follow Rule 28.3(b) by not stating the exceptional circumstances requiring a delay due to a congested docket. There, the supreme court stated that Rule 28.3(b) obviously contemplates that a trial judge will regularly call the docket, and if a case is to be continued beyond the time permitted by law, then the reasons will be stated. In *Harkness*, the supreme court held that the trial court's findings, entered only after a motion to dismiss was filed, did not constitute sufficient grounds to exclude any term of the trial court.

Here, there was neither an order continuing the case nor an order setting forth the "exceptional circumstances" necessitating the delay. In fact, there is nothing in the record to indicate that appellant even requested a continuance under Rule 28.3(c). The State contends that, by requesting a jury trial, appellant, in effect, requested a continuance. Even if the State were correct in this argument, which we do not accept, the trial court still erred by failing to make a written order or docket entry granting the

continuance.

■  Because the trial judge failed to comply with the rule set forth above, we must reverse and dismiss this cause.

Reversed and dismissed.

CRACRAFT, C.J., and CLONINGER, J., agree.