Jessie James MANNING *v.* STATE of Arkansas

CR 94-323                                        883 S.W.2d 455

Supreme Court of Arkansas
Opinion delivered September 19, 1994

*Claudell Woods*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Jessie James Manning was found guilty by a Columbia County jury of delivery of cocaine and was sentenced as a habitual offender to a forty-year term of imprisonment and a $1.00 fine. Manning argues two meritless points on appeal, stating that the trial court erred both in failing to grant his motion to dismiss for lack of a speedy trial, and in failing to give adequate consideration to his due process rights. We affirm.

### Facts

On July 1, 1992, Officer Sylvester Smith, a Task Force Officer with the Thirteenth District, was contacted by a deputy prosecutor to purchase some cocaine in the Magnolia area. The deputy told Officer Smith that he would be working with a man by the name of Eddie Easter. On or about this same date, Easter's cousin, Manning, the appellant, was at a friend's residence in Magnolia when Easter and Officer Smith came by and asked about purchasing crack cocaine. Manning stated that he would take them where they could make a purchase. Manning then entered Offi-

cer Smith's vehicle, and the three journeyed across town, during which time Officer Smith gave Manning $40.00 to purchase the cocaine. At destination, Manning entered a residence, stayed briefly, then returned to Officer Smith's vehicle, and handed him a rock of cocaine.

Manning was arrested January 6, 1993, and an information was filed on April 20, 1993, charging him with delivery of cocaine under the Uniform Controlled Substances Act, Ark. Code Ann. § 5-64-401. He filed a motion to dismiss for lack of a speedy trial. Thereafter, an amended information was filed charging Manning as a habitual offender. Subsequent to the seating of the jury but prior to opening statements, the trial court allowed the State to verbally amend the information, changing the date on which the alleged incident occurred from July 2, 1992, to July 1, 1992. A jury trial was held on September 10, 1993, and Manning was found guilty as charged.

## I. Speedy trial

Although Manning filed a motion to dismiss for lack of a speedy trial, his abstract does not reflect the trial court's ruling on his motion. Pursuant to Supreme Court Rule 4-3(g), it is the duty of the appellant in a criminal case to abstract such parts of the record which are material to the points to be argued in the appellant's brief. *Jackson* v. *State*, 316 Ark. 509, 872 S.W.2d 400 (1994). We have further held that the failure to abstract a critical document precludes this court from considering issues concerning it. *Jackson, supra; Porchia* v. *State*, 306 Ark. 443, 815 S.W.2d 926 (1991). For these reasons, we will not address this argument on appeal.

## II. Due process rights

Although Manning alleges several sub-points of error on appeal in support of his argument that his due process rights were violated, it is noted that his abstract of the trial record fails to reveal that these issues were raised at trial. Even so, Manning presents the following eight sub-points of error in his brief:

(1) He was used as an unwitting informant while on parole;

(2) The prosecutor threatened to file charges against him and revoke his parole if he did not testify;

(3) The fourteen-month delay in prosecuting the case prejudiced him;

(4) The act of having agents of the State seek him out to ride across town with them to buy and deliver of one rock of cocaine was unfair;

(5) The law enforcement community had no reason to suspect him of selling drugs;

(6) The amendment of the information charging him as a habitual offender two days prior to trial was unfair;

(7) The amendment of the information changing the date of the criminal act on the date of the trial was unjust; and

(8) His forty-year sentence for delivery of cocaine was both unjust and disproportionate.

The State asserts, and we agree, that none of these numbered allegations was raised or objected to at trial, with the exception of the two amendments to the information noted in points (6) and (7). We have long held that we will not consider matters which are raised for the first time on appeal. *Hayes* v. *State*, 312 Ark. 349, 849 S.W.2d 501 (1993). This being the case, we limit our review to items numbered (6) and (7).

Regarding item number (6), Manning's assignment of error pertaining to the amendment charging him as a habitual offender, we recently discussed the Habitual Offender Act, its purpose, and when an amendment to an information may be made alleging its violation in *Baumgarner* v. *State*, 316 Ark. 373, 872 S.W.2d 380 (1994). An information may be amended up to a point after a jury has been sworn provided that it does not change the nature of a crime or create unfair surprise. *Kilgore* v. *State*, 313 Ark. 198, 852 S.W.2d 810 (1993). Accordingly, an amendment adding a habitual offender allegation does not change the nature or degree of the crime or create an additional offense or an independent crime; rather, the amendment authorizes a more severe punishment in the event that the defendant is convicted. *Baumgarner, supra; Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977). For these reasons, permitting the first amendment to the complaint was not error.

■ The remaining issue, numbered (7), is whether it was unjust for the trial court to permit the prosecutor to amend the information on the day of the trial to correct the date of the offense. Simply put, we will not glean prejudice to the substantial rights of the accused from a discrepancy in dates. *Lewis* v. *State*, 309 Ark. 392, 831 S.W.2d 145 (1993); *Tackett* v. *State*, 298 Ark. 20, 766 S.W.2d 410 (1989). In *Lewis*, the State first charged the defendant for delivery of marijuana on March 29, 1990. Based on an error in the investigating officer's notes, the State filed an amendment to the information showing an offense date of March 21, 1990. At trial, the State amended the information a second time following the officer's testimony which clarified the correct date as March 29, 1990.

■ While there were two amendments regarding the dates and an eight-day discrepancy in *Lewis*, there was only one amendment of the date and a one-day discrepancy in the case before us. In any event, Manning has not demonstrated how he was prejudiced by the amended information. Where time is not essential to the charged offense, the absence of any date in the information is not fatal to the charge. *Lewis, supra; Bonds* v. *State*, 296 Ark. 1, 751 S.W.2d 339 (1988). Here, time is not essential to Manning's charge of delivery of cocaine, and thus his argument must fail.

■ The State in its brief notes that Manning's due process argument is essentially an assertion that his conviction should be reversed because of cumulative error. We acknowledge that cumulative error can require reversal even in the absence of objections made at trial. *See Dillon* v. *State*, 311 Ark. 529, 844 S.W.2d 944 (1993). However, the record before us does not support such a claim.

We have faced similarly vague allegations in *Franklin* v. *State*, 314 Ark. 329, 863 S.W.2d 268 (1993), in which the defendant asserted cumulative error, stating that the circuit judge's biased attitude and demeanor against him from the outset resulted in a "dark cloud" being placed on his trial. In rejecting the cumulative-error argument in *Franklin*, we noted the failure on the part of defense counsel to present specific examples of bias, to object to the court's conduct, to make a record, or to ask the judge to recuse.

■ In sum, we see little difference, if any, between the

vague allegations in *Franklin* and the allegations presently before us. Here, we cannot say that the cumulative conduct of the trial court denied Manning due process.

Affirmed.