Lee GOSTON *v.* STATE of Arkansas

CA CR 95-1133                                    930 S.W.2d 387

Court of Appeals of Arkansas
Division II
Opinion delivered September 25, 1996

*William C. McArthur*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellee Lee Goston was convicted by a jury of aggravated robbery and was sentenced to twenty-five years in the Arkansas Department of Correction. Mr. Goston now appeals, arguing that the trial court erred in denying his motion to dismiss for lack of a speedy trial. In addition, Mr. Goston contends that the trial court erred in denying him his constitutional right of confrontation by excluding him from the courtroom throughout his trial. We find no error and affirm.

The evidence shows that the victim, Eugene Lamb, was working at a convenience store on the night of September 30, 1991, when two men entered the store. One of the men picked up two twelve-packs of beer and proceeded to leave the store. When Mr. Lamb tried to stop him, the other man pointed a gun at Mr. Lamb, after which the two men exited the store with the beer. Mr. Lamb later viewed a photographic lineup, and from this lineup identified Mr. Goston as the individual who pointed a gun at him on the evening of the robbery. Based on this information, Mr. Goston was arrested on October 4, 1991.

Mr. Goston's first argument for reversal is that he was denied his right to a speedy trial. Rule 28.1(b) of the Arkansas Rules of Criminal Procedure provides:

> Any defendant charged with an offense in circuit court and incarcerated in prison in this state pursuant to conviction

of another offense shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

In the instant case, Rule 28.2 mandates that the twelve-month period commenced running at the time of Mr. Goston's arrest. It is undisputed that he was arrested on October 4, 1991, and was not tried until April 20, 1995. Mr. Goston acknowledges that, pursuant to Rule 28.3, some of the time between his arrest and trial was excludable for speedy-trial purposes. However, he contends that a total of 434 days was not excludable, and since this time period exceeds twelve months, the charge against him should have been dismissed.

In his argument, Mr. Goston asserts that three separate time periods combined to deny him a speedy trial. After his arrest on October 4, 1991, a trial was scheduled for March 4, 1992, but was later continued and the court ordered him to undergo a mental examination on March 10, 1992. Mr. Goston asserts that the 158 days between October 4, 1991, and March 10, 1992, were not excludable. Mr. Goston was found competent to stand trial on October 26, 1992, and a trial was then rescheduled for February 17, 1993. Mr. Goston asserts that this period of 114 days also counted towards the speedy-trial deadline. Finally, Mr. Goston concedes that his attorney waived a speedy trial on his behalf on February 17, 1993, and again on April 7, 1993. However, he asserts that after the April 7, 1993, waiver, another mental evaluation was conducted and he was again found competent to proceed on October 31, 1994. The trial was then set for April 11, 1995, which ultimately resulted in a mistrial and postponement until April 20, 1995. Mr. Goston argues that the 162 days between October 31, 1994, and April 11, 1995, were not excludable. The sum of the three time periods referred to by Mr. Goston is 434 days, and as a result he submits that his right to a speedy trial was violated.

From the abstract provided, we cannot agree that the trial court erred in refusing to dismiss for lack of a speedy trial. It is the duty of the appellant in a criminal case to abstract such parts of the record as are material to the points to be argued in the appellant's brief. *Manning* v. *State*, 318 Ark. 1, 883 S.W.2d 455 (1994). In the case at bar, Mr. Goston has failed to abstract his motion to

dismiss, which was presumably filed prior to the April 11, 1995, hearing that resulted in a mistrial. More importantly, he has failed to abstract the trial judge's original ruling on the motion. The abstract of the April 20, 1995, hearing does not indicate that a motion for speedy trial was made at that time, although it does contain comments by the trial judge that pertain to the issue. The trial judge made reference to Mr. Goston's speedy-trial waiver of April 7, 1993, when the appellant "may have been bonded out." The trial judge then "affirmed" what the trial judge in the April 11, 1995, hearing found, and stated that "the speedy trial has not been violated in this case." We find no error in this ruling.

It may be that the October 4, 1991, to March 10, 1992, and October 26, 1992, to February 17, 1993, periods were not excludable for speedy-trial purposes. However, the sum of these periods is only 272 days, which fails to exceed the maximum period of twelve months. It is undisputed that Mr. Goston's attorneys waived his right to a speedy trial both on February 17, 1993, and April 7, 1993. The abstract does not reveal that these waivers contained any conditions or limitations. Therefore, all of the time that elapsed between February 17, 1993, and the date of the trial appears to be excludable for speedy-trial purposes. The abstract does not support Mr. Goston's contention that, despite the waivers, the period spanning October 31, 1994, through April 11, 1995, was not excludable.

In connection with his first argument, Mr. Goston also contends that, since the trial court did not set forth all excluded periods in writing as prescribed by Rule 28.3(i), his conviction should be dismissed. However, Mr. Goston failed to raise this issue before the trial court, and may not now raise it on appeal. *See Keys v. State*, 23 Ark. App. 219, 745 S.W.2d 628 (1988).

Mr. Goston's remaining argument is that the trial court erred in excluding him from the courtroom during his trial. The trial judge ruled that because of Mr. Goston's behavior at a pretrial hearing he could not be present in the courtroom during the trial. The Sixth Amendment to the United States Constitution and Article 2, section 10, of the Arkansas Constitution guarantee that an accused has the right to be present in a criminal prosecution against him. Mr. Goston now contends that he was erroneously denied this constitutional right.

█ Despite the constitutional right to be present at one's criminal prosecution, this right may under certain circumstances be waived by a defendant's belligerent or disruptive behavior. In *Illinois v. Allen*, 397 U.S. 337 (1970), the United States Supreme Court listed three possible ways for a trial judge to handle an obstreperous defendant: "(1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly." The Supreme Court further stated that "trial judges confronted with disruptive defendants must be given sufficient discretion to handle different situations which may arise in their courtrooms." *Id.*

In the instant case, we find no abuse of discretion in the trial court's handling of Mr. Goston's disruptive behavior. During the pretrial hearing, the trial judge noted that Mr. Goston's April 11, 1995, trial resulted in a mistrial because of his belligerent behavior. During the pretrial hearing, Mr. Goston repeatedly used grossly inappropriate language and profanity toward the trial judge. In addition, Mr. Goston threatened to kick a table over and pro-claimed, "We are going to fight up in here." After viewing this disruptive behavior, the trial judge stated, "There is no way that you can sit in this courtroom and act the way you are doing." The trial judge then made the decision to try Mr. Goston in absentia.

█ It is significant that, after a jury was selected, the trial judge proceeded to the holding cell where Mr. Goston was being detained. At this time, the trial judge asked Mr. Goston if he would promise to behave in the courtroom, indicating that if he would make such a promise he would be allowed to be present for his trial. Mr. Goston remained silent and refused to speak to anyone. There-after, the trial proceeded in Mr. Goston's absence. Because Mr. Goston was ultimately given a chance to display proper courtroom decorum during his trial but refused to do so, we find no merit to his contention that he was erroneously prevented from being present at his trial.

Affirmed.

STROUD and GRIFFEN, JJ., agree.