Steven Wayne EUBANKS *v.* The Honorable
Marion HUMPHREY

CR 98-210                                             972 S.W.2d 234

Supreme Court of Arkansas
Opinion delivered July 2, 1998

*The Blagg Law Firm,* by: *Ralph J. Blagg,* for appellant.

*Winston Bryant,* Att'y Gen., by: *David R. Raupp,* Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Petitioner Steven Wayne Eubanks seeks a writ of prohibition against Respondent Honorable Marion Humphrey and the Pulaski County Circuit Court to prevent a trial for the offenses of driving while intoxicated (DWI), fourth offense, an unclassified felony, and driving with a suspended driver's license. Respondent trial court denied Eubanks's motion to dismiss the charges on speedy-trial grounds, and he now seeks a writ of prohibition in this court pursuant to A.R.Cr.P. Rule 28.1(d). We have jurisdiction to hear this petition pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We grant the writ.

A criminal defendant's constitutional right to a speedy trial is protected by Rules 27-30 of the Arkansas Rules of Criminal Procedure. *Archer v. Benton County Circuit Court,* 316 Ark. 477, 872 S.W.2d 397 (1994). Rules 28.1(c) and 28.2(a) require the State to bring a defendant to trial within twelve months from the date a charge is filed in circuit court. If, however, prior to that time, the defendant has been arrested and is lawfully set at liberty, the defendant must be brought to trial within twelve months from the date of arrest. Rule 30.1 provides that if a defendant is not brought to trial within the requisite time, he or she will be discharged, and such discharge is an absolute bar to prosecution of the same offense and any other offense required to be joined with

that offense. Rule 28.1(d) provides that a defendant shall make a motion for dismissal to the trial court for violation of Rule 28.1, and, if the motion is denied, the defendant may petition this court for a writ of prohibition.

The relevant facts of this case are not in dispute. Eubanks was arrested for DWI and driving with a suspended driver's license on April 8, 1995, and was subsequently released on bond; hence, Rule 28.2 mandates that the twelve-month period commenced running on the date of his arrest. The case was set for trial numerous times, with the last trial date being December 10, 1997. Thus, the relevant time for calculation of the twelve-month period is from April 8, 1995 to December 10, 1997, a total of 977 days.

On November 4, 1997, Eubanks filed a motion to dismiss for violation of his right to a speedy trial. A hearing was conducted on December 8, 1997, wherein the Respondent trial court denied the motion, ruling that Eubanks had waived his right to speedy trial without limitation on November 19, 1996. The trial court found that a total of 686 days were excludable from the calculation of the twelve-month period: (1) one day, July 18, 1995, was excludable due to Eubanks's failure to appear for his arraignment; (2) 224 days, from October 3, 1995 through May 14, 1996, were excludable because the case was twice continued on Eubanks's motions; (3) 75 days, from June 20, 1996 through September 3, 1996, were also excludable due to Eubanks's motion to continue the case; and (4) 386 days, from November 19, 1996 through December 10, 1997, were excludable as a result of Eubanks's waiver of speedy trial.

The record of the November 19, 1996 hearing reflects that Eubanks's trial was set for that date; however, another trial was already in progress in the same court. As a result of the scheduling conflict, the trial court indicated that Eubanks's case would be tried the following day. This was not, however, agreeable to Eubanks. The colloquy is as follows:

THE COURT:     Let's pass this one until tomorrow.

[PROSECUTOR]:    Your Honor, one concern I have is I know that I have an expert. The defense has an expert. And I haven't spoken with my expert to see if she'll be available tomorrow.

[DEFENSE]:    My expert's not available tomorrow, Judge. We had a date certain today. We talked about it earlier. We will waive speedy trial. I know there's a speedy-trial problem with that. Reset this case and maybe something else can be worked out about maybe trying it before the Court.

THE COURT:    Well, pass on the Court's motion.

[DEFENSE]:    Your Honor, I will need my expert witness. I want to make sure that he's available, Judge.

THE COURT:    You waive speedy trial?

[DEFENSE]:    Yes, sir.

The case was then reset for January 22, 1997. On that date, Eubanks again indicated that he was waiving speedy trial. The record reflects the following exchange:

[PROSECUTOR]:    Your Honor, this is a DWI fourth. He was arrested on the eighth of April of Ninety-five. There's been several periods of tollable times. It looks like the defendant waived speedy trial the last court date. I calculated it to find approximately one hundred days to try this case. It's my understanding that the defense is going to waive speedy trial.

[DEFENSE]:    That's correct, your Honor. I provided the Court with a letter from Mr. Blagg about days he and his expert witness are unavailable so that the Court doesn't have to reschedule it again. And would just ask the trial be set any day other than those.

. . . .

[PROSECUTOR]:    And, your Honor, we would ask that speedy trial be tolled during that time period.

THE COURT:    I show speedy trial waived.

The trial court reset the trial for May 21, 1997. During the hearing on that date, Eubanks's counsel explained that the reason he

had agreed to waive speedy trial on November 19, 1996, was to secure a trial date that was convenient for his expert witness.

It is well settled that a defendant does not have a duty to bring himself to trial; rather, the burden is on the court and the prosecutor to see that the trial is held in a timely fashion. *Tanner v. State*, 324 Ark. 37, 918 S.W.2d 166 (1996) (citing *Novak v. State*, 294 Ark. 120, 741 S.W.2d 243 (1987)). Once it is shown by the defendant that a trial is or will be held outside the applicable speedy-trial period, the State has the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Id.* Delays resulting from continuances given at the request of the defendant are excludable in calculating the time for a speedy trial. *Rhodes v. Capehart*, 313 Ark. 16, 852 S.W.2d 118 (1993); *Scroggins v. State*, 312 Ark. 106, 848 S.W.2d 400 (1993). As Eubanks has shown that his trial was scheduled to take place 977 days after his arrest, the burden rests with the State to show that the delay was the result of Eubanks's actions or was otherwise justified.

Eubanks does not contest the trial court's exclusion of those periods of time that resulted from his requested continuances and his failure to appear for arraignment. Nor does he contest the trial court's ruling excluding the time from November 19, 1996 to May 21, 1997. Eubanks does, however, argue that the remaining time, from May 22, 1997 to December 10, 1997, should not have been excluded from the computation of the twelve-month period. Eubanks argues further that he did not unconditionally waive his right to speedy trial on November 19, 1996, or on January 22, 1997; rather, he claims that he merely agreed that the twelve-month period would be temporarily tolled to May 21, 1997. Thus, he contends that the time for speedy trial began to run again on May 22, 1997. He argues further that our rules of criminal procedure do not recognize such a waiver. The question then is whether the trial court erred in finding that Eubanks unconditionally waived his right to speedy trial on November 19, 1996.

Eubanks relies on language from this court's decision in *Tanner*, 324 Ark. 37, 918 S.W.2d 166, to support his argument

that our rules of criminal procedure do not provide for the waiver of the right to a speedy trial. There, this court held that "the Rules of Criminal Procedure do not mention waiver of the right to a speedy trial unless the defendant fails to move for dismissal prior to a plea of guilty or a trial." *Id*. at 42, 918 S.W.2d at 168.6 Eubanks's reliance on that holding is misplaced, as *Tanner* did not address the issue of whether a defendant may affirmatively waive his constitutional right to a speedy trial; rather, that case concerned an alleged waiver resulting from the defendant's inaction.

■ The United States Supreme Court recognized in *Barker v. Wingo*, 407 U.S. 514 (1972), that the constitutional right to a speedy trial, like other fundamental constitutional rights, may be waived by a defendant. This court has not directly addressed the issue of an express waiver of the right to speedy trial. This court has, however, declined to hold that trial counsel was ineffective for failing to assert the defendant's speedy-trial right, where the record reflected that there was an explicit agreement to waive speedy trial and continue the defendant's case until after the trial of the codefendant. *Cox v. State*, 299 Ark. 312, 772 S.W.2d 336 (1989). This court noted that the waiver agreement was for Cox's benefit, as it "gave him an opportunity to 'dry run' the case by having the prosecution first present its evidence in the co-defendant's trial." *Id*. at 317, 772 S.W.2d at 338.

The trial court here relied on *Goston v. State*, 55 Ark. App. 17, 930 S.W.2d 387 (1996), in which the Arkansas Court of Appeals discussed the express waiver of the right to speedy trial. Although the decision focused primarily on the insufficient abstract submitted by the appellant, the court of appeals nonetheless observed:

> It is undisputed that Mr. Goston's attorneys waived his right to a speedy trial both on February 17, 1993, and April 7, 1993. *The abstract does not reveal that these waivers contained any conditions or limitations. Therefore, all of the time that elapsed between February 17, 1993, and the date of the trial appears to be excludable for speedy-trial purposes.*

*Id*. at 20, 930 S.W.2d at 389 (emphasis added).

■ Similarly, in *Garrison v. State*, 270 Ark. 426, 605 S.W.2d 467 (Ark. App. 1980), the court of appeals discussed a defendant's waiver of the right to speedy trial. Relying on the California case of *Gregory v. Justice Ct., So. Sacramento Jud. Dist.*, 336 P.2d 584 (Cal. Dist. Ct. App. 3d 1959), the court of appeals agreed that a defendant may waive his or her constitutional right to a speedy trial, provided that the waiver takes place prior to the expiration of the speedy-trial period. This court later relied on the reasoning from *Garrison* in support of its holding that the defendant's motions for continuances made after the time for speedy trial had run did not constitute an acquiescence in the delay. *Duncan v. State*, 294 Ark. 105, 740 S.W.2d 923 (1987).

■ Here, the waiver made by Eubanks on November 19, 1996, was well within the twelve-month period for speedy trial. Eubanks was arrested on April 8, 1995; hence, the time for speedy trial would have run, provided there were no excludable time periods, on April 8, 1996. There were 225 days from April 8, 1996 to November 19, 1996, but there were 300 days of excludable time as of the latter date due to Eubanks's delays. Thus, at the time that Eubanks waived speedy trial, the twelve-month period had not expired. Moreover, it is apparent from the record that Eubanks did not attach any conditions or limitations to the waiver at the time it was given on November 19, 1996, or on January 22, 1997, when the waiver was ratified. It is further apparent that the waiver was of benefit to Eubanks, as it allowed him to secure a trial date that was more convenient for his expert witness. Accordingly, we conclude that Eubanks effectively waived his right to speedy trial. Our inquiry does not, however, end there.

The next issue we must decide is whether the waiver remained without conditions or limitations until the date of the last trial setting, December 10, 1997. The State contends that in order to withdraw or limit his waiver, Eubanks was required to make a motion to the trial court, and that until such a motion was made, the waiver remained without conditions. The State contends further that Eubanks did not make such a motion until November 4, 1997, when he filed his motion to dismiss pursuant

to Rule 28.1(d). The State relies on our holding in *Welch v. State*, 330 Ark. 158, 955 S.W.2d 181 (1997), in support of this argument. We reject the State's argument and hold that Eubanks effectively withdrew or limited his waiver on August 19, 1997.

The record of the August 19, 1997 hearing, before Special Judge Leon Johnson, reflects that the trial set for that date, was going to be rescheduled for December 10, 1997, as Respondent was unavailable due to a death in his family. During that hearing, the following exchange took place:

> [DEFENSE]: I understand that the Judge can't be here today because of illness in his family.
>
> THE COURT: Right. Death in his family.
>
> [DEFENSE]: Right.
>
> THE COURT: That's correct. And, so, today we're going to reschedule this matter.
>
> [DEFENSE]: That's my understanding. It's to be rescheduled.
>
> THE COURT: Okay. I just wanted to make sure we're all on the same page.
>
> [PROSECUTOR]: Your Honor, will speedy trial be tolled?
>
> THE COURT: That's my understanding.
>
> [DEFENSE]: I'm not agreeing to toll speedy trial, your Honor.
>
> THE COURT: Okay.
>
> [PROSECUTOR]: Your Honor, the rule specifically states if the Court finds circumstances to toll speedy trial it will.
>
> THE COURT: Right. That's my understanding also.
>
> [DEFENSE]: Well, I'm not agreeing, Judge.
>
> THE COURT: I understand.
>
> [DEFENSE]: For the record, I want it clear that I'm not agreeing that speedy trial be tolled.
>
> THE COURT: I understand that.

■ ■ From the foregoing discussion, it is readily apparent that defense counsel apprised the trial court that Eubanks no longer wished to waive his right to speedy trial. The fact that counsel did not convey this message through a formal motion does not change the character of the message itself. We thus conclude that the time for speedy trial commenced running again on August 19, 1997. It follows then that the time from August 20, 1997 to December 10, 1997, a total of 113 days, is not excludable from the computation of the twelve-month period for speedy trial. As such, the excludable time of 686 days found by the trial court is reduced to 573 days, which must be subtracted from the total elapsed time of 977 days. Using those figures, it is evident that a total of 404 days has passed, which clearly exceeds the twelve-month period provided by Rules 28.1(c) and 28.2(a).

■ ■ Additionally, we reject the State's argument that the delay from August 19, 1997 to December 10, 1997, was for good cause pursuant to Rule 28.3(h). The State has not met its burden of proving that a death in the Respondent's family constituted good cause to delay Eubanks's trial for 113 days. This court has previously held that absence by the trial judge due to illness was not good cause for delaying the trial. *Novak*, 294 Ark. 120, 741 S.W.2d 243. *See also Campbell v. State*, 26 Ark. App. 133, 761 S.W.2d 613 (1988). We see no valid reason for retreating from that holding where the absence is the result of a death in the trial judge's family. Moreover, even if we held that such an absence was good cause for delay, we would not go so far as to hold that the delay was warranted until December 10, 1997, over three and one-half months later. Accordingly, we hold that the charges against Eubanks must be dismissed, and that such dismissal constitutes an absolute bar to his prosecution for the same offenses.

■ Writ granted.