Ruby WORLEY *v.* STATE of Arkansas

CA CR 00-179                                    26 S.W.3d 142

Court of Appeals of Arkansas
Division IV
Opinion delivered September 13, 2000

*Appellant,* pro se.

*Mark Pryor,* Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. After a *de novo* appeal from a conviction on the same offense in municipal court, *pro se* appellant Ruby L. Worley was convicted in a Garland County jury trial of harassment, for which she received a three-day jail sentence and a $1,000 fine. On appeal, she argues that the trial court erred in failing to dismiss her case for violation of her right to a speedy trial. We agree and reverse and dismiss.

Worley was convicted of harassment in Hot Springs Municipal Court on June 25, 1998, and sentence was entered on July 6, 1998. Apparently she encountered some difficulty in getting the clerk to certify the record; in accordance with Rule 9(c) of the Arkansas Inferior Court Rules, Worley filed an affidavit, file marked August 6, 1998, disclosing this difficulty. The filing of the affidavit was recorded on a Garland County civil docket sheet.

Meanwhile, the special judge presiding over the Hot Springs Municipal Court that heard Worley's case required that she post a $1,000 appeal bond. Worley resisted filing a bond until October 15, 1998, and her Garland County criminal docket sheet reflects that her appeal from municipal court only dated from October 14, 1998. However, nearly a year later, on September 13, 1999, Worley obtained a writ of mandamus that dissolved the municipal court's bond requirement and directed the clerk to file the transcript for her appeal.

Although the trial date was originally set for March 17, 1999, the State was granted a continuance on March 8, 1999, and the trial was reset for August 4, 1999. Later, the trial date was reset to October 15, 1999. The criminal docket sheet also reflected that a Garland County circuit judge requested the appointment of a special judge on June 14, 1999, and an order concerning the appointment was docketed on June 17, 1999.

On October 6, 1999, Worley filed a motion to dismiss, alleging a violation of her right to a speedy trial. Worley was tried as scheduled on October 15, 1999. The Criminal Docket sheet reflects that Worley's Motion to Dismiss was denied on that date, prior to trial. On October 21, 1999, Worley filed a document styled "Motion to Reconsider Motion to Dismiss," which was denied by written order filed for record on November 10, 1999. In that order, the judge recited that Worley's appeal was not perfected until October 14, 1998, and the three days required to secure the appointment of a special judge was necessary and reasonable excludable time.

As a preliminary matter, the State argues that reaching the merits of this appeal is barred because Worley has failed to abstract or place in the addendum her judgment and conviction order. However, her statement of the case explicitly states that she was convicted of harassment, and her addendum includes a copy of the jury verdict form. Because there is no doubt as to the outcome of this case, this court should reach the merits. *See Williams v. State,* 328 Ark. 487, 944 S.W.2d 822 (1997).

Worley's sole point on appeal is that the trial court erred by denying her motion to dismiss for violation of the speedy-trial rule, Ark. R. Crim. P. 28.1(c). Worley asserts that after she made a showing that she was tried more than a year after her appeal from municipal court, the State was required to prove that the delay was justified, and the State simply did not meet its burden. Citing Arkansas Inferior Court Rule 9(c), she argues that the circuit court erred in concluding that her appeal was perfected as of October 14, 1998; she contends that the affidavit that she filed on August 6, 1998, made that date the true filing date. This argument has merit.

■ Under Ark. R. Crim. P. 28.1, an accused must be brought to trial within twelve months unless necessary delay occurs as authorized in Ark. R. Crim. P. 28.3. Once the defendant presents a *prima facie* case of a speedy-trial violation, i.e., that the trial is or will be held outside the applicable speedy-trial period, the State has the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Eubanks v. Humphrey,* 334 Ark. 21, 972 S.W.2d 234 (1998). The speedy-trial period commences to run "without demand by the defendant." Ark. R. Crim. P. 28.2.

■ ■ In the instant case, the trial court was apparently proceeding under a misconception that Worley's appeal from municipal court was not perfected until October 14, 1998. However, as Worley correctly argues, in accordance with Arkansas Inferior Court Rule 9(c), her appeal was perfected upon her filing of an affidavit that stated that the Hot Springs Municipal Court Clerk refused to certify and prepare the record for her appeal. Rule 9(c) states:

> (c) When the clerk of the inferior court, or the court in the absence of a clerk, neglects or refuses to prepare and certify a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgment in the inferior court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the inferior court the inferior court] to prepare and certify the records thereof for purposes of appeal and that the clerk [or the court] has neglected to prepare and certify such record for purposes of appeal. A copy of such affidavit shall be promptly served upon the clerk of the inferior court [or the court] and the adverse party.

See also Shaw v. State, 18 Ark. App. 243, 712 S.W.2d 338 (1986). Accordingly, Worley established a prima facie case in that 435 days had elapsed between the time she had perfected her appeal and the time the court heard her motion to dismiss for a speedy-trial violation. Although the record could be clearer, we know from the trial court's November 10, 1999, order that it only found three days of excludable time. In reviewing the record, we cannot conclude that there was any more time that should be excluded. It is noteworthy as well that the State has failed to direct this court to any docket entry concerning time that should have been excluded.

Reversed and dismissed.

BIRD and KOONCE, JJ., agree.